[Civ. No. 13133. Second Dist., Div. Two.—June 27, 1941.]

Estate of HOMER SAGER, Deceased. MAUDE BOWERS, Appellant, v. NELLIE RUTH STUBBLEFIELD, as Executrix, etc., Respondent.

Denio, Hart, Taubman & Simpson, and Geo. P. Taubman, Jr., for Appellant.

F. A. Knight and Henry D. Lawrence for Respondent.

WOOD, J.—This is an appeal from an order of the probate court denying appellant's petition in which she asks the court to direct the payment of $150 per month from the estate of Homer Sager, deceased, to petitioner as the guardian of the person and estate of Clara Sager, an incompetent person.

Homer Sager died on January 4, 1940, leaving a will by which he left all of his estate in trust, the income, and if necessary the *corpus* of the estate, to be used for the support

of his incompetent sister, Clara Sager, and upon her death to vest in certain named persons. In the third paragraph of the will it is provided that $250 per month be paid to Clara Sager for her support during the administration of the estate, the payments to begin on the date of the testator's death and to continue until the final distribution of the estate to the trustees. The fifth paragraph of the will is as follows: "I further declare that my sister is now of the age of seventy years and is in constant need of the care and attention of some suitable person, and in order that my said sister may have the proper care and attention of such person I hereby nominate and appoint Maude Bowers as Guardian of the person and estate of my said sister, Clara Sager, and request that she at all times care for and maintain my sister in the homeplace at 930 Pacific Avenue, Long Beach, California, and that during her guardianship my sister be permitted either to have Maude Bowers look after her personally or to select some other person to care for her, it being my desire that my sister's wishes be respected at all times as to the person who shall look after her personal affairs. It is my request and I hereby direct that my said Executors and Trustees shall pay to the said Maude Bowers for her services as such Guardian such sum as the Court may declare reasonable, said Maude Bowers to reside at all times with my sister at 930 Pacific Avenue, Long Beach, California, after my death, and if she is unable to do so, her guardianship shall cease and my Trustees hereinafter mentioned shall appoint a new Guardian for my said sister."

All of the affairs of the estate have been settled, the final account and petition for distribution showing a net estate of $73,803.12. The sum of $250 per month has been paid to Clara Sager as directed in the third paragraph of the will. Clara Sager and Maude Bowers, the appellant, have since the death of Homer Sager been residing at his residence at 930 Pacific Avenue in Long Beach. On February 13, 1940, appellant was regularly appointed guardian of the person and estate of Clara Sager and by order of the court made in the guardianship proceeding has received the sum of $150 per month for her services as guardian beginning with the date of her appointment. In her petition appellant asks the court that "the executor and executrix be ordered to pay to your petitioner as the said guardian of the person and estate of

Clara Sager aforesaid, the sum of one hundred fifty dollars ($150.00) per month beginning January 4, 1940.'' Nellie Ruth Stubblefield, named as executrix in the will with George A. Hart, filed an answer in opposition to the petition, in which she alleged that appellant, as guardian, has received from the estate of Clara Sager the sum of $150 per month from the time of her appointment and that appellant has also received from the estate of Homer Sager a residence at 930 Pacific Avenue, Long Beach. No testimony or evidence of any kind was offered or introduced at the hearing.

An examination of the will in the light of the rule that the intention of the testator should prevail discloses that the principal desire of decedent was to provide for his aged incompetent sister. He provided a home for her and directed the payment of $250 per month for her during the administration of the estate. He nominated appellant as guardian of her person and estate with the request that appellant maintain Clara Sager and reside with her at the family residence, the additional provision being made that the sister's wishes concerning her personal care be respected and that if appellant should be unable to reside with the sister at the family residence her guardianship should cease. Further provision was made that ''my said Executors and Trustees shall pay to the said Maude Bowers for her services as such Guardian such sum as the Court may declare reasonable . . . ''

The provisions of the will have been carried out. The probate court has jurisdiction of both the proceeding to settle the affairs of the estate of Homer Sager and of the guardianship proceeding in the matter of the person and estate of Clara Sager. The same court which was called upon to approve the payment of the maintenance sum during the pendency of the administration has awarded the sum of $150 per month as compensation for the services of appellant as guardian. Both appellant and respondent appear to agree that the sum fixed as such compensation is reasonable.

Respondent contends that appellant has regularly received compensation as guardian at the rate of $150 per month and that when the Homer Sager estate came to the point of being closed appellant saw ''in the provisions of paragraph fifth of the will of Homer Sager, what appears to her to be a golden opportunity to obtain an additional and even a double allowance for her services as guardian of Clara Sager.'' Ap-

pellant contends that if an order be made granting her petition the allowance "would be paid to Maude Bowers as guardian of the person and estate of the incompetent sister, and obviously would then go into the independent funds of said surviving, incompetent sister, and thus reimburse her estate for the compensation paid as directed by the earlier order of the court in the incompetency proceedings to the guardian." If respondent's contention is correct it is evident that appellant is attempting to secure double payment for her services and that her petition should be summarily denied. On the other hand if appellant's position is correct and the court should grant her petition, no substantial change would be brought about insofar as the parties to this appeal are concerned, but additional bookkeeping would become necessary. It is possible that appellant would be able to carry on the books of the estate of the incompetent an additional amount which might serve as a basis for a petition for a larger allowance for her services. The testator did not mention any sum to be paid as compensation to the guardian but the matter was left to the discretion of the court. In passing upon the motion the court doubtlessly took into consideration the fact that appellant was receiving a residence free of charge and the additional fact that compensation had been awarded to her in the guardianship proceeding. We see no abuse of discretion. The possibility that at some distant date the heirs and legatees of Clara Sager or the remaindermen named in the will of Homer Sager might receive a somewhat smaller or greater amount does not warrant interference with the order from which the appeal has been taken.

The order is affirmed, respondent to recover costs from appellant.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied July 17, 1941, and appellant's petition for a hearing by the Supreme Court was denied August 25, 1941.